Filed 9/30/24  P. v. Thomas CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B333743 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA505836) |
| v. | |
| MELVIN THOMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Enrique Monguia, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

————————————

Melvin Thomas appeals the trial court's judgment following his plea of no contest to one count of criminal threats. (Pen. Code,[1] § 422, subd. (a).) We affirm the trial court's judgment.

Thomas was charged with three counts of criminal threats. (§ 422, subd. (a).) It was alleged that he had suffered four prior strike convictions.[2] (§§ 667, 1170.12.)

Thomas was found incompetent to stand trial. Proceedings were adjourned while he received mental health treatment. The trial court found Thomas had been restored to competency approximately one year later, and proceedings resumed.

Thomas pleaded no contest to one count of criminal threats (§ 422, subd. (a)), and admitted to one aggravating factor. Pursuant to a plea agreement, the trial court sentenced Thomas to the upper term of three years in prison. The court awarded Thomas 958 days of custody credit.

Thomas filed a timely notice of appeal stating that he had been unlawfully arrested and alleging that the trial court lacked jurisdiction to sentence him. He did not obtain a certificate of probable cause. This court issued an order limiting the appeal to issues for which a certificate of probable cause is not required.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to independently review the record to determine whether the trial court committed an error in sentencing. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) On May 28, 2024, we advised Thomas that he had 30 days to

---

[1] All further statutory references are to the Penal Code.

[2] Thomas waived his right to a preliminary hearing. According to the probation report, he threatened three residents of an apartment building.

submit any contentions or issues he wished us to consider. Thomas timely filed a supplemental brief.

On appeal, Thomas contends that "Contestant has been wrongfully subjected too [*sic*] retaliation as an indirect and/or proximate result of submitting an appeal in violation of the First Amendment." Thomas does not state who retaliated against him for filing this appeal, what the alleged retaliation was, or how his First Amendment right to free speech was violated. Absent any argument or citation to authority, these bare assertions are insufficient to present an issue that this court can review. The issue is therefore waived. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363–364.)

Thomas next contends that "An (EPRD) should of [*sic*] been made for 11-29-2023, which is exactly one-half of a three[-]year term." Assuming that Thomas is referring to the earliest possible release date calculated by the Department of Corrections, the record reflects he was no longer in custody at that time; a hearing was held on November 3, 2023 to address relinquishment of firearms, and the court's minute order notes that Thomas was not present, that he was "no longer in custody," and that there was no contact information for him. Accordingly, he was released from custody prior to the date he now claims that he should have been released.

Finally, Thomas contends that "An appeal bond must be permitted due to the possibilities of a reversal in connection with [Penal Code] section 1272." Given that Thomas has already been released from custody, section 1272, which relates to the circumstances for providing bail, is inapplicable.

3

We have examined the entire record and find no arguable issues on appeal.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's judgment.
NOT TO BE PUBLISHED.


                                        MOOR, J.


We concur:


        BAKER, Acting, P. J.


        KIM, J.

4